FIRST NATIONAL BANK OF BELMAR, RESPONDENT, v. SAMUEL GRAY AND ISAAC FEITLINGER, APPELLANTS.

Submitted November 10, 1924—Decided January 19, 1925.

In an action upon a promissory note, the pleadings clearly raised an issue of fact whether due notice of dishonor of the note was given to the endorsers thereof, and evidence given by the notary, who protested the note, of the notices he sent to the defendants were germane to the issue raised by the pleadings.

On appeal from the Supreme Court.

For the appellants, *Kraemer & Siegler*.

For the respondent, *Durand, Ivins & Carton*.

The opinion of the court was delivered by

CAMPBELL, J.  The respondent brought an action to recover the sum of $4,200 and interest upon a note dated December 27th, 1920, made by Springer Cement Block and Brick Company to the order of respondent.  The appellants, with Morris Springer, the president of the maker, were endorsers, and were the only defendants.  Springer did not answer.

The note fell due on Sunday, March 27th, 1921, and was presented for payment the next day, March 28th; was not paid and was thereupon protested.

The cause was tried at the Monmouth Circuit, resulting in a verdict for respondent and the entry thereon of the judgment, from which this appeal lies.  The complaint alleges that the note was not paid for want of funds and was protested for non-payment.  To the complaint was attached a copy of the note and a copy of the notary's certificate of protest, under date of March 28th, 1921.

Appellants filed affidavits of merits and each answered, setting up as a separate defense that the notice of protest, mentioned in the complaint, was not given to them until April 20th, 1921, and, therefore, they were not chargeable as endorsers.

To this respondent replied, denying the allegation and asserting that due notice of protest, as set forth in the complaint, was given to appellants in due course.

The notary testified that he protested the note on March 28th, 1921; that upon inquiry of respondent's cashier he was advised that the address of appellants was Bradley Beach; that on said date he mailed a notice of dishonor to each of said appellants at Bradley Beach in envelopes containing a return address, and by posting the same in the .

post office at Belmar, and said notices were not returned. That, subsequently, he learned through the Belleville National Bank of an address of appellants at 224 Halsey street, Newark, and thereupon he mailed notices of protest to appellants at that address.

At the conclusion of the direct testimony of this witness a motion was made to strike out his testimony regarding the mailing of the notices to Bradley Beach upon the ground that the first separate defense alleges the notices were mailed to Newark and not received until April 20th, and there is nothing in the reply alleging the mailing of the notices to Bradley Beach. This motion was denied, and properly so. The pleadings have already been set out, and upon this point the issue was, was due and proper notice of dishonor given appellants on March 28th, 1921, or were such notices of dishonor not given until April 18th or 19th?

Only one other ground of appeal is argued in the brief, and that is the refusal to grant a nonsuit.

The grounds for the nonsuit were "that the original record does not show that they notified the endorsers of this note," and "that they did not exercise due diligence in ascertaining the address of the endorsers and in giving them notice of dishonor as required by the statute."

Both of these were jury questions and were properly submitted.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   15.

*For reversal*—None.